IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LEE GRANT II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-301-SMY |
| | ) |
| PATRICK JOSEPH QUINN, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the following motions to dismiss: Government's Motion to Dismiss for Failure to State a Claim and for Sanctions (Doc. 5); Motion to Dismiss for Failure to State a Claim by Defendants Ellen Wingfield McCurdy, Steven McCurdy, Tyler Price, and the State of Illinois (Doc. 6); and Motion to Dismiss by Patrick Quinn (Doc. 10). For the following reasons, the motions are **GRANTED**.

### Background

Plaintiff William Lee Grant II filed originally filed this action in the Twentieth Judicial Circuit Court, St. Clair County, Illinois. (Doc. 1-1). The United States removed the case to this court pursuant to 28 U.S.C. § 2679 (Doc. 1).

Plaintiff's 66-page Complaint alleges tortious government conspiracies (Doc. 1-1). While they are too lengthy and confusing to list in full, these alleged conspiracies include: that the administration of President Ronald Reagan improperly used two billion dollars to "genetically-engineer Mr. Grant to predict future nuclear weapons attacks when it was determined that a system of space-based lasers was impracticable" (Doc. 1-1, ¶ 18); that various defendants entered into an agreement to "unlawfully detain (and unlawful [sic] restrain) Mr. Grant in the basement of the Pentagon under armed guard beginning in 1990" (Doc. 1-1, ¶ 30); that not satisfied with Plaintiff's

imprisonment in the Pentagon, Defendants Baker and Barr used military force and "trafficked" Plaintiff to Springfield, Illinois, where they have forced Plaintiff to remain for 30 years (Doc. 1-1, ¶¶ 53-68); and that government officials directed his doctors to injure him (Doc. 1-1, ¶ 118).

## Discussion

When reviewing a Rule 12(b)(6) motion to dismiss, the Court may dismiss "frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Such a dismissal is appropriate here.

Plaintiff has raised the same or similar baseless and fanciful conspiracy allegations in other dismissed cases. *Grant v. C.I.A.*, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019) ("Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible . . . . the allegations are clearly baseless . . . ."); *see also*, *Grant v. C.I.A.*, 2019 WL 5391470, at *1 (S.D. Ill. Oct. 22, 2019) ("Here, the fundamental problem is that Grant's allegations are frivolous"). Given Plaintiff's frivolous allegations, a potential amendment is futile. *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695 (7th Cir. 2021). Accordingly, Plaintiff's Complaint and this case will be dismissed with prejudice.

## Sanctions

District courts have an inherent power to sanction a party who "abuses the judicial process." *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 1347 S.Ct. 1178, 1186 (2017)) (internal quotations omitted). Sanctions imposed under a court's inherent power are appropriate where the offending party has conducted litigation in bad faith. *Salermon v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

Plaintiff's Complaint herein is illustrative of a troubling pattern of conduct. Plaintiff has a well-deserved reputation as a "serial filer of frivolous litigation in various federal courts across the country." *Grant v. C.I.A.*, 2019 WL 6218676, * 1 (E.D. Mich. Nov. 21, 2019), quoting *Grant v. U.S. Dept. of Transportation*, 2019 WL 1009408, * 1 (E.D. Tex. Jan. 28, 2019). His filings in other courts have similarly focused "on baseless assertions of government conspiracy" and are "a collection of factual allegations that are fanciful, fantastic and delusional." *Grant v. C.I.A.*, 2019 WL 5847138, at *2 (D. Utah Oct. 17, 2019), *report and recommendation adopted,* 2019 WL 5802693 (D. Utah Nov. 7, 2019). Multiple courts have even banned Plaintiff from filing lawsuits. *Matter of Grant*, 2019 WL 8334651, at *5 (C.D. Ill. Feb. 12, 2019) (Central District of Illinois imposing a filing ban); *Grant v. United States Dep't of Defense*, 770 Fed.Appx. 121, 122 (4th Cir. 2019) (dismissing appeals as frivolous, sanctioning Grant "for filing frivolous appeals," and enjoining him from filing further actions in the court unless he pays sanctions and a district court finds the action is not frivolous). He has filed at least four Complaints in this District that were all dismissed as frivolous. *Grant v. U.S. Dep't of Defense, et al*, 2019 WL 6728878, at *1 - 2, 19-cv-979-NJR-GCS (Doc. 6) (S.D. Ill. Dec. 11, 2019); *Grant v. C.I.A., et al*, 2019 WL 5391470, at *1 – 2, 19-cv-1104-NJR-RJD (Doc. 4); *Grant v. U.S. Dep't of Defense*, 19-cv-332-SMY-GCS (Doc. 5, pp. 2 – 3) (S.D. Ill. Apr. 2, 2019); *Grant v. U.S. Dep't of Justice*, 17-cv-1257-NJR-SCW (Doc. 13, pp. 2 – 3) (S.D. Ill. June 22, 2018).

This Court has twice admonished Plaintiff regarding his frivolous filings. In October 2019, when ruling on yet another of Plaintiff's cases involving a government conspiracy, this Court warned Plaintiff that he was "walking on a razor's edge by filing complaints like the one in this case" and advised him that if his "abusive conduct" continued, he would be banned from filing. *Grant v. C.I.A., et al*, 2019 WL 5391470, at *2. Despite these warnings, Plaintiff has once again

filed another conspiratorial complaint and ignored the Court's admonitions in the process. *Grant v. C.I.A., et al*, 2019 WL 5391470, at *2. Thus, an appropriate and meaningful sanction is warranted.

### Conclusion

For the foregoing reasons, the Motions to Dismiss are **GRANTED**, and this case is **DISMISSED with prejudice**.

Plaintiff is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District.

The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

**IT IS SO ORDERED.**

**DATED:  October 3, 2022**

**STACI M. YANDLE**
**United States District Judge**